IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERMAINE HICKS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 22-977 |
| | : | |
| **CITY OF PHILADELPHIA, MARTIN VINSON, ROBERT ELLIS, ARTHUR CAMPBELL, MARK WEBB, MICHAEL YOUSE, FRANK HOLMES, DOUGLAS VOGELMAN, KEVIN HODGES, DUANE WATSON, DENNIS ZUNGOLO, MARY BRIDGET SMITH** | : : : : : : : | |

# ORDER

**AND NOW**, this 22nd day of May 2023, upon review of plaintiff Termaine Hicks's motion to compel (DI 61), defendant City of Philadelphia's response in opposition (DI 58), defendants Martin Vinson and Robert Ellis's joinder to the response in opposition (DI 57), and the May 19, 2023 oral argument, the Court notes as follows:

1. Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. Mr. Hicks's motion to compel seeks thirty-six Internal Affairs investigative files of certain defendant police officers. DI 61. These files are said to provide the underlying details of investigations into alleged misconduct by the officers. *Id.* at 2-3.

3. Mr. Hicks argues these files are both relevant and proportional to the needs to the case. DI 61 at 5. Mr. Hicks alleges that he spent nineteen years in prison after Philadelphia Police Department officers shot him and framed him for a rape he did not commit. *Id.* at 1. As such, he argues the details of other investigations of the same officers may support his claim that officers fabricated evidence leading to his wrongful conviction and generally erode their credibility. *Id.* at 6-10. Moreover, Mr. Hicks brings a *Monell* claim against the City of Philadelphia, alleging systemic failures in supervision and discipline of police officers. *Id.* at 10-16. Mr. Hicks argues that the investigative files are therefore relevant to whether there are deficiencies in the city's disciplinary processes. *Id.*

4. The City of Philadelphia notes they have already produced certain investigative files spanning a ten-year period, including five years prior and five years after the alleged misconduct, as well as other files outside of this time period with purportedly relevant subject matter. DI 58 at 4. It argues that the remaining files are "temporally overbroad" and too dissimilar to Mr. Hicks' claims to justify discovery. *Id.* at 7-12. However, the City does not make any particularized or factual showing that it would be burdensome to produce the files. Nor did the City make any argument specific to any one of the pertinent files.

5. Additionally, defendants Martin Vinson and Robert Ellis submitted a joinder to the response in opposition to the motion to compel. DI 57. The joinder brings specific files to the Court's attention, arguing they warrant particular consideration and should not be included in any order compelling production. *Id.*

6. We conclude all but the files related to Mr. Vinson raised in the joinder sought in the motion to compel are both relevant and proportional to the needs of the case. The issues at stake in this action are highly important. Fed. R. Civ. P. 26(b)(1). This case involves allegations

of significant officer misconduct said to have kept an innocent man imprisoned for nineteen years.  Plaintiff also alleges that the Philadelphia Police Department systemically failed to supervise and discipline police officers.  In this context, the Internal Affairs investigative files of defendant police officers are plainly relevant.  While discovery must also be proportional to the needs of the case, the City has not provided any persuasive reason why any of these particular files might be irrelevant, or why producing this set of files would be burdensome in any significant way.

7. The one exception relates to the joinder submitted by Mr. Vinson and Mr. Ellis. We find that the files related to Mr. Vinson (IA 19-1054, IA 19-1111) are not discoverable, because any possibility of relevance is so remote as to be negligible in value.  However, we find the file related to Mr. Ellis (IA No. 05-9001) disputed in the joinder is discoverable.[1]

For these reasons outlined in this order and described more fully at the oral argument on May 19, 2023, it is **ORDERED**:

1. The motion to compel (DI 61) is **GRANTED** in part and **DENIED** in part.  The motion is **GRANTED** with respect to all files except for the files discussed in the joinder (DI 57) related to defendant Mr. Vinson (IA 19-1054, IA 19-1111).

2. The joinder (DI 57) is **DENIED** as moot in view of our ruling on the motion to compel.

_____
MURPHY, J.

---

[1] The joinder and the motion to compel are currently sealed and the Court reviewed them in camera.  The parties will file redacted versions in due course.