# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERMAINE HICKS, | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : No. 22-0977 |
| | : |
| CITY OF PHILADELPHIA, et al. | : |
| Defendants | : |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Defendants' Motion to Instruct on Actual Guilt, it is **HEREBY ORDERED** that the Motion is **GRANTED.** The Court will give an instruction and draft the verdict sheet, both pursuant to proposals by the parties, to effect that the jury will determine if proof of Plaintiff's actual guilt exists for the claims he was prosecuted for, and, if so, limit Plaintiff's damages to nominal damages.

**BY THE COURT:**

_____
**JOHN F. MURPHY, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | :|
|---|---|
| **TERMAINE HICKS,** | : |
| | : CIVIL ACTION |
| **Plaintiff,** | : |
| | : No. 22-0977 |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA, et al.** | : |
| | : |
| **Defendants** | : |
| | : |

## DEFENDANTS MOTION FOR AN INSTRUCTION ON ACTUAL GUILT

If in 2001 Plaintiff Termaine Hicks in fact raped a woman in South Philadelphia, he should not compensated for an appropriate sentence for that crime, even if the process for arriving at that sentence was flawed. That is common sense: society, by enacting criminal statutes, has determined a rapist should serve a sentence, not receive compensation. But it is also reflected in the limitations developed in malicious prosecution law, in the limitation of damages for claims that might, in the criminal context, trigger the exclusionary rule, and in common law principles. Accordingly, the Court should instruct the jury and prepare a verdict sheet that requires the jury determine if there was actual guilt, and limits damages appropriately if the jury so finds.

### I. BACKGROUND

This case arises from a November 27, 2001 rape. Plaintiff Termaine Hicks was arrested at the scene. On February 27, 2003 he was convicted by a jury for that rape. On December 16, 2020 that conviction was vacated. Presently, Hicks maintains claims against Defendants the City of Philadelphia, Martin Vinson, Robert Ellis, Arthur Campbell, Dennis Zungolo, and Mary Bridget Smith, as personal representative of the Estate of Brian Smith, on the underlying claims these

police officers fabricated evidence, depriving Plaintiff of his Fourteenth Amendment procedural due process rights at trial. Chief among Plaintiff's claimed damages are his nearly two decades of incarceration for the rape.

## II. ARGUMENT

### A. There Are Strong Policy Reasons, And Analagous Protections in The Law, That Hicks Should Not Be Compensated for His Incarceration if He Is Judged to Have Committed the Rape

A finding of actual guilt is a defense to a § 1983 malicious prosecution case, even where the favorable termination element is satisfied. See Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) ("Hector appears to be on the horns of a dilemma . . . . [I]f his claim is related as resembling malicious prosecution, then he would he . . . must be innocent of the crime charged in the underlying prosecution."). Similarly, in Hector the Court determined that damages available solely on an unreasonable search or seizure claim did not extend to litigation costs (where damages from incarceration were not claimed). The Court recognized that "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." Id. at 157 (citing Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999).

There is no policy basis that such a rule should not apply equally to a Fourteenth Amendment procedural due process claim arising from fabrication or deliberate deception, that challenges the same conduct and asserts the same harms as a malicious prosecution claim. To omit the defense here has the practical effect of erasing the defense everywhere—indeed the claim of malicious prosecution. That is because the first element of malicious prosecution effectively encompasses fabrication or deliberate deception: A police officer "can be considered to have initiated the criminal proceeding if she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion," Brooks v. Dooley, 2017 WL 2480734, at *2 (E.D. Pa. June 7, 2017). As has happened in this case, a plaintiff can

forego his malicious prosecution claim, and the burden of proving its four additional elements, and the uncomfortable question of whether he in fact committed a terrible crime, by simply litigating the first element of malicious prosecution as a fabrication claim. At least on the question of an actual guilt defense and properly compensated damages, this should be viewed as an unacceptable technical distinction of the two claims. The Constitution would permit a procedural due process claim to give a rapist a windfall, whereas such a result is prohibited for the substantive deprivation of his seizure, even where it is prove that deprivation was malicious and without probable cause.

The <u>Hector</u> and <u>Townes</u> analyses of an unreasonable search is likewise analogous. An error in process in the prosecution of a guilty man does not alone entitle that man to compensation for his imprisonment.

### B. The Nature of the Procedural Right and the Damages That Arise From It Warrant a Limitation if Hicks' is Actually Guilty

"Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or *unjustified* deprivation of life, liberty, or property." <u>Carey v. Pihpys</u>, 435 U.S. 247, 259 (1977) (emphasis added). Again, this concept and the caselaw arising from <u>Carey</u>—including <u>Hector</u>—comport with common sense. "[T]he injury caused by a justified deprivation, including distress, is not properly compensable under § 1983." <u>Id.</u> at 263.

The Seventh Circuit upheld a limitation of nominal damages limitation for a procedural due process fabrication claim also arising, as it happens, from rape case. <u>Smith v. City of Chicago</u>, 913 F.2d 469, 474 (7th Cir. 1990). Concededly, the <u>Smith</u> plaintiff had remained convicted. But the Seventh Circuit did not rely on <u>Heck</u>. Instead it indicated in part that "In order to recover more than nominal damages, Smith must demonstrate that the fabricated evidence resulted in an absence of probable cause for his arrest . . . ." <u>Id.</u> at 473.

3

This law effects the same premise discussed above, that if Plaintiff was guilty of the rape, the harm flowing from any procedural error at his trial does not included a sentence that was justified punishment for that rape. Plaintiff's email of August 21, 2025 contends that actual guilt should merely be a factor in the jury's determination. That is not without some basis in the caselaw, though Plaintiff provides no caselaw *directly* rejecting the *affirmative limitation* urged here. Either way, Defendants maintain that anything less than a cap does not effect a just result. At the least, in the alternative of restricting the verdict to nominal damages upon a finding of actual guilt, the Court should instruct the jury that their finding of actual guilt should prohibit damages from the incarceration itself. See Carter v. City of Philadelphia, 2000 WL 1016653, at *2–3 (E.D. Pa. July 12, 2000) ("[T]he Court cannot help but agree that a person serving a life sentence for a murder they did commit, only to be released . . . due to police misconduct, may actually feel more elation than distress" from the procedural violation).

### C. A Limitation on Nominal Damages Is Consistent With Common Law

Section 1983 claims are a species of tort liability, and the starting "the common law of torts, 'defining the elements of damages and the prerequisites for their recover, provide[s] the appropriate starting point for inquiry under § 1983 as well.'" Hector, 235 F.3d at 155 (quoting Heck v. Humphrey, 512 U.S. 477 (1994)). There are several reasons arising form common law to impose a limitation on damages if actual guilt is determined.

First, and again, common law malicious prosecution provides a basis in its actual guilt defense. Describing Heck, the Third Circuit noted that in a suit which alleged that a state police officer destroyed evidence and engaged in other misconduct, "malicious prosecution provides the closest analogy … because . . . it permits damages for confinement imposed pursuant to legal process." Hector, 235 F.3d at 155–56. Here Plaintiff's due process claims likewise have their

4

closest analogy in malicious prosecution and actual guilt should likewise be a bar to compensatory damages.

Even without a malicious prosecution analogy, Pennsylvania and federal common law recognize the doctrine of an *in pari delicto* defense. "A party is barred from recovering damages if his losses are substantially caused by activities the law forbade him to engage in." See, e.g., Romero v. Allstate Ins. Co., 52 F. Supp. 3d 715, 734 (E.D. Pa. 2014). In Dudley v. Stoneman, the Fourth Circuit applied *in pari delicto* as a defense to a § 1983 case to prevent a police officer from recovery where he was punished for falsifying a report. There is at least as much reason to preclude defenses where a § 1983 plaintiff engages in a violent crime and asks to be compensated for a just sentence for that crime. Similarly applicable, admittedly not without some distinctiveness, are the concepts of contributory negligence and intervening causes. If Hicks committed the rape, that was the *most* significant cause of everything afterwards leading to his incarceration. All of these concepts recognize that the primacy of that wrong should be a factor before Hicks is rewarded.

## III. CONCLUSION

For all the foregoing reasons, the Court should grant Defendants' motion.

Date: August 24, 2025                                    Respectfully submitted,

                                                          /s/ Andrew F. Pomager
                                                         Andrew F. Pomager
                                                         Div. Deputy City Solicitor
                                                         Pa. Attorney ID No. 324618
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         215-683-5446 (phone)
                                                         215-683-5397 (fax)
                                                         andrew.pomager@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TERMAINE HICKS,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.<br><br>                  Defendants | CIVIL ACTION<br><br>No. 22-0977 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion was filed via the Court's electronic filing system and is available for downloading.

| | |
|---|---|
| Date: August 25, 2025 | Respectfully submitted,<br><br> /s/ Andrew F. Pomager_____<br>Andrew F. Pomager<br>Div. Deputy City Solicitor<br>Pa. Attorney ID No. 324618<br>City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>215-683-5446 (phone)<br>215-683-5397 (fax)<br>andrew.pomager@phila.gov |