**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TERMAINE HICKS,

               Plaintiff,

    v.

CITY OF PHILADELPHIA, et. al.,

           Defendants.

Civil Action No. 2:22-cv-00977 (JFM)

## FINAL JURY INSTRUCTIONS

# INSTRUCTION 1: ROLE OF THE JURY

Members of the jury.  Today is the day that you will receive my jury instructions, listen to the summations of the lawyers, and then, finally, retire to the jury room to deliberate.  I know you must be eager to start talking to each other about what you have seen and heard.

These are my final jury instructions.  These are not the only instructions you will have heard.  As you recall, I gave you preliminary jury instructions.  I will repeat some of them here but not all.  You may also recall that I gave you instructions at various times during the trial.  All of these instructions, whether given before trial, during trial, or now, must be followed.

These instructions are somewhat lengthy.  You are free to take notes but you do not need to.  A paper copy of these instructions will be provided in the jury room.  And also usefully, the lawyers, I'm sure, will refer to these instructions when making their closing arguments.  That will help you understand how each side believes the facts apply to the instructions.  The lawyers may also refer to what we call a verdict sheet or form.  That contains the questions that you will have to answer as well as instructions for filling it out.

So, you have now heard all the evidence.  And it will be your job to decide what the facts are, and then apply those facts to the law that I have given you and will give you now.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I have said or done during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made, and I explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

# INSTRUCTION 2: BENCH CONFERENCES

As you saw during the trial, at times it was necessary for me to talk with the lawyers out of your hearing by having a bench conference. Your patience was appreciated.

We were not trying to keep important information from you. These conferences were necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We did our best to keep the number and length of these conferences to a minimum. Do not try to guess what was said or concern yourself with how many there were, when they were, or how long they were. And as you saw I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# INSTRUCTION 3: EVIDENCE

I gave you an explanation of evidence in the preliminary instructions but it is worth revisiting now. The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated — that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed — that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case, including the closing arguments you are about to hear;

2. Objections by lawyers.

3. Any testimony I told you to disregard; and

4. Anything you may have seen or heard or do see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you saw and heard in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. As you saw during the trial, when a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection was made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you were instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may have been ordered struck from the record and you were instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not

speculate about what a witness might have said or what an exhibit might have shown.

# INSTRUCTION 4: DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## **INSTRUCTION 5: NUMBER OF WITNESSES**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION 6: PREPONDERANCE OF THE EVIDENCE STANDARD

This is a civil case. Termaine Hicks is the party who brought this lawsuit. Martin Vinson, Dennis Zungolo, Robert Ellis, Arthur Campbell, Mary Smith, and the City of Philadelphia are the parties against whom the lawsuit was filed.

Termaine Hicks has the burden of proving his case by what is called the preponderance of the evidence. That means Mr. Hicks has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Hicks and the evidence favorable to the Defendants on opposite sides of the scales, Mr. Hicks would have to make the scales tip somewhat on his side. If Mr. Hicks fails to meet this burden, the verdict must be for the Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." The preponderance-of-the-evidence standard, which plaintiff must meet in this case, is not as hard to meet as the beyond-a-reasonable-doubt standard, which the

government must meet in a criminal case. In order for a jury to convict a person of a crime, the government must prove the person's guilt beyond a reasonable doubt. Proof beyond a reasonable doubt is not proof beyond all doubt. Rather, it is proof that leaves the jury firmly convinced of the defendant's guilt. If a jury in a criminal case thinks there is a real possibility that the defendant is not guilty, the jury must give the defendant the benefit of the doubt and find him or her not guilty.

Once again, the standard that plaintiff in this case must meet when proving his claims is preponderance of the evidence, not beyond a reasonable doubt.

## INSTRUCTION 7: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves

# INSTRUCTION 8: PRIOR INCONSISTENT STATEMENTS

Another factor you may consider in deciding what to believe is any prior inconsistent statements from witnesses. You have heard the testimony of certain witnesses. You have also heard that before this trial they made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether these statements were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements. You can only use it as one way of evaluating the witnesses' testimony in this trial.

You also heard evidence that certain witnesses made statements before this trial that were made under oath and that may be different from their testimony at this trial. When a statement is made under oath, you may not only use it to help you decide whether you believe the witness's testimony in this trial but you may also use it as evidence of the truth of what the witnesses said in the earlier statements. But when a statement is not made under oath, you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witnesses said in the earlier statements.

## INSTRUCTION 9: FALSE IN ONE, FALSE IN ALL

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

# INSTRUCTION 10: LAW ENFORCEMENT OFFICER TESTIMONY

You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

# INSTRUCTION 11: INTRODUCTION TO CLAIMS

In this case, Termaine Hicks brings four separate claims under Section 1983, a civil rights law passed by Congress that allows people to sue when their constitutional rights have been violated. For every Section 1983 claim, Mr. Hicks must prove two things:

First, that the particular defendant acted under color of state law. In this case, that just means that the defendants acted in their official roles as Philadelphia Police Officers. I instruct you that all defendants acted under color of state law. In other words, this element of Mr. Hick's claims in not in dispute, and you must find that this element has been established.

Second, for every Section 1983 claim, Mr. Hicks must prove that, while acting under color of state law, the defendants deprived him of a federal constitutional right.

Mr. Hicks claims that the individual defendants and the City of Philadelphia violated his constitution rights in four ways:

1. Claims 1, that defendants Vinson, Zungolo, Ellis, Campbell, and Smith violated his constitutional rights by fabricating evidence;

2. Claim 2, that defendants Zungolo and Campbell violated his constitutional rights through deliberate deception;

3. Claim 3, that all of the individual defendants conspired to violate Mr. Hicks's constitutional rights; and

4. Claim 4, that the City of Philadelphia's customs or failure to supervise and/or discipline caused Mr. Hicks to be deprived of his constitutional rights.

I will now tell you the elements that Mr. Hicks must prove to establish each claim of a constitutional violation.

# INSTRUCTION 12: FABRICATION OF EVIDENCE

Mr. Hicks's first category of claims are for fabrication of evidence. Specifically, Mr. Hicks alleges that Defendants Vinson, Zungolo, Ellis, Campbell, and Smith all fabricated evidence that was used to cause Mr. Hicks's prosecution and conviction.

In order to prevail on his first claim for fabrication of evidence as to the particular defendant you are considering, Mr. Hicks must prove the following things by a preponderance of the evidence:

(1)     The evidence in question is created, tampered with, or made-up false evidence. This is known as fabrication.

(2)     The defendant created or submitted that fabricated evidence willfully, knowingly, or with a reckless disregard for the evidence's truth, and

(3)     There is a reasonable likelihood that, without the fabricated evidence, Mr. Hicks would not have been convicted.

## INSTRUCTION 13: DELIBERATE DECEPTION

Mr. Hicks's second category of claims are for deliberate deception. Mr. Hicks claims that Defendants Campbell and Zungolo violated his constitutional due process rights by concealing and suppressing the existence of a continuous surveillance video from the morning of the assault, and that Defendant Campbell violated Mr. Hicks's constitutional due process rights by concealing and suppressing his investigation into the absence of a grey hoodie.

In order to prevail on his second claim for deliberate deception as to the particular defendant you are considering, Mr. Hicks must prove the following things by a preponderance of the evidence:

(1)     The defendant concealed and/or suppressed the continuous version of the surveillance video or the investigation into the grey hoodie.

(2)     The continuous version of the surveillance video or the fact of an investigation into a grey hoodie would have been favorable to Mr. Hicks.

(3)     The defendant did so as part of a larger scheme to deliberately deceive the trial court and allow the presentation of false evidence.

(4)     There is a reasonable likelihood that, without the suppression of the continuous version of the surveillance video or the concealment of Defendant Campbell's investigation into the grey hoodie, Mr. Hicks would not have been convicted.

# INSTRUCTION 14: CIVIL RIGHTS CONSPIRACY

Mr. Hicks's third category of claims is for conspiracy. Mr. Hicks claims that the individual Defendants all conspired to deprive him of his constitutional rights by depriving him of a fair trial. For Mr. Hicks to prevail on his conspiracy claim against any Defendant, you must first have found that Mr. Hicks proved one or more of his other claims against any one or more Defendants.

To find a Defendant liable for conspiracy, you must find that Mr. Hicks has proved each of the following things by a preponderance of the evidence:

(1)     The Defendant agreed with one or more other Defendants to deprive Mr. Hicks of his constitutional rights. This agreement does not need to be explicit or said aloud. A tacit or unspoken agreement is enough. For example, if you find multiple Defendants worked as a group to achieve a common goal, that is a tacit agreement. But a person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some purpose of the conspiracy, does not automatically become a conspirator.

(2)     The Defendant or any co-conspirator engaged in at least one act in furtherance of the agreement to deprive Mr. Hicks of his right to due process and a fair trial; and

(3)     The act or acts taken in furtherance of the agreement caused a violation of Mr. Hicks's constitutional rights with respect to a fabrication of evidence or deliberate deception, as previously discussed.

# INSTRUCTION 15: MUNICIPAL LIABILITY - INTRODUCTION

If you find that Mr. Hicks was deprived of his constitutional rights as he alleged, the City of Philadelphia is liable for that deprivation if Mr. Hicks proves by a preponderance of the evidence that the deprivation resulted from the City's acts or omissions in two separate ways alleged by Mr. Hicks.

First, the City of Philadelphia is responsible if Mr. Hicks proves by a preponderance of the evidence that the City has an official policy or custom and that policy or custom caused his constitutional rights to be violated.

Second, the City of Philadelphia is responsible if Mr. Hicks proves by a preponderance of the evidence that a failure or inadequacy on the City's part caused his constitutional rights to be violated, and that failure or inadequacy reflects a deliberate choice.

Mr. Hicks may prove that the City is liable through either of these two ways. I will now give you more details on each of these two ways that Mr. Hicks may prove that the City caused the deprivation of rights.

# INSTRUCTION 16: MUNICIPAL LIABILITY – POLICY OR CUSTOM

I will first instruct you on the ways in which Mr. Hicks can establish that an official policy or custom of the City of Philadelphia caused the deprivation of one or more of his federal constitutional rights. In this case, there are two ways Mr. Hicks can prove that an official policy or custom caused a violation of his constitutional rights.

First, Mr. Hicks may prove a policy or custom in the form of a choice by a policymaking official. When a policymaking official makes an affirmative choice to follow a course of action, that choice represents an official policy. In this case, Mr. Hicks may prove by a preponderance of the evidence that the Philadelphia Police Commissioner ratified the failure to investigate or discipline officers for their conduct in this case based on the Internal Affairs Investigation into Defendant Vinson's shooting of Mr. Hicks.

I instruct you that the Philadelphia Police Commissioner at the relevant time is a policymaker whose choices represent official policy. If you find that such an official policy was the cause of and the moving force behind the violation of Mr. Hicks's constitutional rights, then you have found that the City of Philadelphia caused that violation.

Second, Mr. Hicks may prove the existence of an official custom by showing the existence of a practice that is so widespread and well settled that it

constitutes a standard operating procedure of the Philadelphia Police Department. Although a single action by a lower-level employee does not suffice to show an official custom, a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved. In this case, Mr. Hicks may prove by a preponderance of evidence a custom at the Philadelphia Police Department of tolerating constitutional violations.

If you find that such an official custom was a moving force behind the violation of Mr. Hicks's constitutional rights — that is, if you find an affirmative link between the custom and the constitutional violations, if any, in Mr. Hicks's case — then you have found that the City of Philadelphia caused that violation.

## INSTRUCTION 17: MUNICIPAL LIABILITY – FAILURE TO SUPERVISE AND/OR DISCIPLINE

The other way Mr. Hicks can prove the City is liable is based on a failure or inadequacy of the City. Mr. Hicks claims that the City of Philadelphia failed to adequately supervise and/or discipline its police officers, and that this failure caused the violation of Mr. Hicks's constitutional rights.

Mr. Hicks may prove that the City failed to adequately supervise and/or discipline its officers generally, or you can find that the City failed to adequately supervise and/or discipline Defendant Robert Ellis in particular, despite specific notice of his history of infractions. Mr. Hicks may prove that the City is liable if he proves either that the City failed to adequately supervise and/or discipline its officers generally or that it failed to adequately supervise and/or discipline Ellis in particular; he does not need to prove both.

In order to hold the City liable for Mr. Hicks's constitutional deprivations based on the City's failures to adequately supervise and/or discipline officers, you must find that Mr. Hicks has proved each of the following three things by a preponderance of the evidence:

(1)     The City failed to adequately supervise and/or discipline officers.

(2)     The City's failure to adequately supervise and/or discipline amounted to deliberate indifference to the fact that inaction would obviously result in the

violation of the same type of constitutional rights alleged to have been violated this case.

(3)   The City's failure to adequately supervise and/or discipline proximately caused the violation of Mr. Hicks's constitutional rights.

In order to find that the City's failure to adequately supervise and/or discipline amounted to deliberate indifference, you must find that Mr. has proved each of the following three things by a preponderance of the evidence:

First: The City knew its officers would confront a particular situation.

Second: The situation involves a difficult choice or is one officers have a history of mishandling.

Third: The wrong choice by an officer in that situation will frequently cause a deprivation of constitutional rights.

In order to find that the City's failure to adequately supervise and/or discipline its officers proximately caused the violation of Mr. Hicks's constitutional rights, you must find that Mr. Hicks has proved by a preponderance of the evidence that the City's deliberate indifference led directly to the deprivation of Mr. Hicks's constitutional rights.  If you find that Mr. Hicks has proved by a preponderance of the evidence in the ways I've just described that the City's failures amounted to a deliberate choice and caused the deprivation of Mr. Hicks's

constitutional rights, that alone is enough to hold the City liable under Section 1983.

I will note that although the custom and policy theories of City liability I discussed earlier and the failure or inadequacy theory I just discussed sound similar, there are important differences. The first, the custom or policy theory, requires proof of a custom or policy, as I described before, but does not require proof of deliberate indifference. The second, the failure to supervise and/or discipline theory, requires proof of deliberate indifference but does not require proof of a custom or policy.

## INSTRUCTION 18: COMPENSATORY DAMAGES

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not any defendant should be held liable.

If you find a defendant liable, then you must consider the issue of compensatory damages.  You must award Mr. Hicks an amount that will fairly compensate him for any injury he actually sustained as a result of defendant's conduct.

Mr. Hicks must show that the injury would not have occurred without defendant's act or omission.  He must also show that defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act or omission.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Mr. Hicks claims the following items of damages:

- loss of liberty for the period he spent in wrongful confinement;

- emotional pain and suffering, including fear, humiliation, or mental anguish Mr. Hicks has experienced, and the fear, humiliation, or mental anguish he is reasonably certain to experience in the future;

- physical harm or discomfort; and

- loss of a normal life, including his loss of family connections and family interactions, loss of relationships, and loss of companionship.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## INSTRUCTION 19: NO EXCESSIVE FORCE CLAIM

The following is a reminder of an instruction that I gave long ago toward the beginning of the case. You have heard evidence that Mr. Hicks was shot by Officer Vinson. But there is no legal claim in this case that police used excessive force. By the time of Mr. Hick's release, it was too late under the law for him to bring an excessive force claim. You may consider the evidence relating to Officer Vinson's use of force for whatever legitimate purpose suits you under the instructions I have given. But you may not find against the officers solely because you think too much force was used, and you may not award any damages that arise solely from Officer Vinson shooting Mr. Hicks.

Next, you will hear the closing arguments from the lawyers. As a reminder, this is an opportunity for the lawyers to summarize their cases. They may discuss with you evidence from the case, but bear in mind my instruction that the lawyers' arguments themselves are not evidence. Here are my rules for how we will do closing arguments. First, you will hear from plaintiff. Then, you will hear from defendants. Then, plaintiff will have the opportunity to give a rebuttal. Finally, I will have one more instruction for you.

# INSTRUCTION 20: DELIBERATIONS (READ AFTER CLOSINGS)

You have now heard it all. I have just one final instruction for you, about what you're doing next.

When you retire to the jury room to deliberate, you may take with you these instructions, your notes of course, and the verdict sheet. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I have given you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It has been my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phones, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service like Facebook, X, TikTok, etc., to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is crucial that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

If your question is about seeing any items of evidence, do you best to describe them by exhibit number or what the document is, or the like.  I will share the request with counsel, and we will decide how to proceed from there.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

As I mentioned before, a verdict sheet or form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

Thank you for your close attention throughout this trial.  You may now retire to the jury room.