**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERMAINE HICKS, | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **No. 22-977** |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2025, upon consideration of

Defendant City of Philadelphia's Motion for Sanctions, and any response thereto, it is HEREBY

ORDERED that the Motion is GRANTED.  As a result of the sustained and ongoing conduct

that violates expectations of attorney comportment in this forum, in particular making expressly

false accusations of attorney misconduct by the attorneys for the City of Philadelphia, the *pro*

*hac vice* admission of Attorney Nick Brustin is hereby revoked.  This attorney is further

admonished for his vexatious and unprofessional behavior, and is on notice that such will not be

tolerated in this Court.

BY THE COURT:

_____
John F. Murphy, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERMAINE HICKS,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **No. 22-977** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### ORDER [ALTERNATIVE]

AND NOW, this _____ day of _____, 2025, upon consideration of Defendant City of Philadelphia's Motion for Sanctions, and any response thereto, it is HEREBY ORDERED that the Motion is GRANTED in part, and DENIED in part. Defendants' Motion is granted to the extent that it is ORDERED that Attorney Nick Brustin is hereby admonished by the Court for making expressly false accusations of attorney misconduct by the attorneys for the City of Philadelphia, and further ORDERED to cease engaging in any such obstreperous and offensive litigation conduct. Because Defendant's Motion for Sanctions is filed after the case has been submitted to the jury, it is DENIED to the extent that it seeks revocation of the *pro hac vice* admission of Mr. Brustin.

BY THE COURT:

_____

John F. Murphy, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERMAINE HICKS,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **No. 22-977** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' MOTION FOR SANCTIONS
FOR GROSSLY IMPROPER LITIGATION CONDUCT**

Defendant City of Philadelphia hereby files this Motion for Sanctions against Plaintiff's counsel.  In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court revoke the *pro hac vice* status of Attorney Nick Brustin as a consequence for his patently false accusations that defense counsel made misrepresentations to the Court and suborned perjury, and for Mr. Brustin's suggestion that defense counsel are racist.  At the very least, Defendant respectfully requests that this Court admonish counsel for his failure to conform to minimum professional standards during the litigation of the trial.

Respectfully submitted,

*/s/ Danielle E. Walsh*
Danielle E. Walsh
Chief Deputy City Solicitor
PA Attorney ID No. 312438
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 686-0464 (phone)
Danielle.walsh@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERMAINE HICKS,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **No. 22-977** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR SANCTIONS</u>**

**I.       Introduction**

Defense counsel has been subject to innumerable examples of appalling treatment by Plaintiff's counsel during the years of contentious litigation giving rise to the trial that just concluded before the Court.  Though having once raised it to the Court by way of letter, defense counsel have refrained from seeking formal court intervention to address this behavior.  But enough is enough.

On August 13, 2025, attorneys Nick Brustin and Amelia Green accused City attorney Daniel Cerone, in open court and on the record, of making affirmative misrepresentations to the Court.  A week later, on August 20, 2025, Mr. Brustin further accused Mr. Cerone of having coached a witness to provide false testimony to the Court and the jury.  These baseless attacks on the integrity, ethics, and candor of a dedicated public servant are rendered more grotesque by the fact that Mr. Brustin (1) attributed to Mr. Cerone statements made by his own colleague, Ms. Freudenberger, who spoke the words Mr. Brustin takes issue with in the first accusation, and (2) blatantly lied in the second.  Compounding the appalling conduct of these attorneys, Mr. Brustin also insinuated that Mr. Cerone's defense of his client's cross-examination reveals racial bias by

Mr. Cerone and other Defense counsel, epithets he and his team have continued to lob both on and off the record at defense counsel.

This offensive behavior must stop. It can stop by revocation of Mr. Brustin's *pro hac vice* admission, a sanction with which he is familiar, or it can at least be curtailed by a formal admonition of counsel. Either way, and based upon the authorities that follow, the City respectfully requests that this Court stop, or at least limit, counsel's abusive behavior for the remainder of this case and expressly put them on notice that it will not be tolerated in the Eastern District of Pennsylvania.[1]

## II.     Argument

### A.  *The Court Should Revoke the* Pro Hac Vice *Admission of Nick Brustin as a Sanction for his Litigation Conduct*

Rather than litigate the facts of the case, Nick Brustin has engaged in a ceaseless assault on the character, ethics, and comportment of the defense lawyers in this case. His decisions to, on the record, suggest that defense lawyers are racist, that they are making affirmative misrepresentations to the Court, that they coached clients to lie to the jury, and that they are "pieces of shit" violate every precept of decorum that the Eastern District of Pennsylvania professes to honor. More egregious, however, is the fact that he makes these accusations and has to date experienced no consequence for the fact that his accusations are patently undermined by the record. Mr. Brustin should be on notice not to recklessly engage in such behavior because he has been sanctioned before. And he should be so sanctioned now.

---

[1] Pursuant to Rule 5.1 of the Pennsylvania Rules of Professional Conduct, leadership is responsible for the attorneys' conformance with the Rules of Professional Conduct. The accusations counsel make are not directed just to litigating counsel, but are directed at all members of the management of the City of Philadelphia Law Department. We do not countenance this appalling behavior to our team members, and take great offense at the false accusations these counsel continually bring against our attorneys.

In *Young v. City of Providence*, Nick Brustin and his colleague Barry Scheck had their *pro hac vice* status revoked mid-trial as a result of what the trial court perceived were false misrepresentations of the Court's statements in a memorandum filed during the course of that trial. 301 F. Supp. 2d 187 (D.R.I. 2004). Specifically, the trial court found that a junior attorney – then Mr. Brustin – had falsely attributed statements to the Court that the Court had not made. *See generally id.* As a consequence of having made this written submission, which was reviewed by senior counsel Mr. Scheck and local counsel Robert Mann, the trial court issued a public censure of Mr. Scheck and admonished Mr. Brustin that "it is his professional responsibility to ensure that the assertions made are truthful, no matter whether he is lead counsel or second chair. Rule 11 makes it his personal and professional obligation to "stop and think" before he submits a pleading to the court." *Id.* at 198. On appeal, the First Circuit Court of Appeals reversed the trial court's findings, vacated the sanctions, and restored the attorney's *pro hac vice* status. *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33 (1st Cir. 2005). Critical to the Appellate Court's decision was its assessment that the statements made by counsel to the court, cited as the basis for the trial court's actions, were only made in summary and were more accurately addressed in the body of the papers before that court. *See generally id.*

Unlike the matter in *Young*, in which the filing giving rise to sanctions was, upon review, not expressly false, the factual predicate giving rise to this request for sanctions is explicitly supported by the transcript of proceedings in this ongoing trial. On August 13, 2025, at a midday break, Mr. Brustin addressed the court:

> So, your honor, the entire foundation for getting in the report from the medic was that it was a report from Mr. Campbell. It turns out it was not. He had nothing to do with it. And counsel represented to you that that was the foundation for the report.

> And I probably – we probably should have looked closer, but we didn't think it would be misrepresented to the Court. So there was no foundation for that report to come in. And had the Court been properly informed, it wouldn't have gotten in.

Aug. 13, 2025 Tr. 236:22 – 237:7, attached hereto as Ex. A. His supervisee Ms. Green then weighed in:

> Our understanding was Holstein was deceased and that Detective Campbell was going to lay the foundation for why this was said. That's what was stated. And then it was revealed through my questioning he didn't even know anything about this report, so the whole argument --

Ex. A, Aug. 13, 2025 Tr. 237:2 – 238:3. Mr. Brustin next took up the character assault:

> But the problem is the representation to your honor. That's the problem with this.

Ex. A, Aug. 13, 2025 Tr. 238:17-19.

In sum, both of these attorneys, too distracted with their ceaseless hostility to properly interpret the evidence themselves, suggested the City attorney had engaged in unethical conduct, violating his duty of candor to the tribunal and making material misrepresentations to the Court about the evidentiary basis for the admission of a specific document. But the transcript reveals that both of these attorneys made material misrepresentations of fact, misrepresentations that they then compounded by suggesting improper behavior by a government lawyer. Mr. Brustin had the gall to suggest about the government attorney's behavior, "it's very troubling[,]" Ex. A, Aug. 13, 2025, at 238:24, when the truly appalling behavior was by him and his supervisee.

That day's transcript clearly shows that the only person who suggested Detective Campbell took the statement at issue was Emma Freudenberger, the colleague of Mr. Brustin and Ms. Green. To reiterate *only Plaintiff's counsel made representations about the author of the statement*. Mr. Cerone did not. So Ms. Freudenberger's colleagues use their own misunderstanding of the document, and her own misstatement of the document's provenance, to attack the character and ethics of Mr. Cerone in open court.

Undaunted by an on-the-record acknowledgement that Ms. Freudenberger, and not Mr. Cerone, was the source of any incorrect attribution about the provenance of a document, *see* Aug. 14, 2025 Tr. at 18:11-25, attached hereto as Ex. B, Mr. Brustin continued his assault on the character, ethics, and candor of defense counsel.  On August 20, 2025, Ms. Green questioned a since-dismissed defendant about his meeting with City attorneys.  During the sidebar that followed an objection, Mr. Brustin stated:

> In case we weren't being clear. The implication is that everybody knew it was in the pocket because someone put it there and he's getting up there suggesting that's where it was. And that happened during a meeting with the attorney. So if it wasn't clear what we're alleging, that's what we're alleging.

Aug. 20, 2025 Tr., 208: 20-25, attached hereto as Ex. C. The Court did not address this accusation that a City attorney coached a witness to lie, but instead simply stated that the Court would listen carefully to whether a question invited a violation of attorney-client privilege.  *Id.* at 209:1-4.  There is no factual basis for Mr. Brustin's accusations that any such impropriety occurred, and there is no basis for his ongoing assault on the ethics and character of the defense lawyers.

The following day, Mr. Brustin commented to his colleague, regarding another City attorney, Andrew Pomager, as he was approaching the podium to read in testimony, that "this guy's a piece of shit."  Aug. 21, 2025 Tr., 70:2-72:15, attached hereto as Ex. D.  This statement, even if intended to be for the ears of Mr. Brustin's colleague, was loud enough for another defense attorney to hear and was said while the jury was empaneled.  *See id.* While perhaps not as egregious as the unfounded, harassing attacks on defense counsel's ethics, this unchecked behavior nevertheless represents a continuation of the unprofessional and disrespectful conduct that is the hallmark of Mr. Brustin's behavior in this case.

The clear record of their behavior show that Mr. Brustin has failed to heed the instruction of the bench in the District of Rhode Island, that he "stop and think" before he make submissions to the Court. While he was the junior attorney in that case, he cannot stand behind that excuse now. And unlike in *Young*, the gross litigation conduct is expressly supported by the record. Such conduct warrants revocation of counsel's *pro hac vice* status, and an admonition by the Court that this type of behavior will not be tolerated.

B. *Counsels' Actions Are a Clear Violation of the Pennsylvania Rules of Professional Conduct, Adopted by the Eastern District of Pennsylvania, and the American College of Trial Lawyers' Code of Trial Conduct.*

Counsels' above-quoted statements, the basis for one of which was their own colleague's statement to the Court and not anything stated by the City attorney and the other of which has no basis in fact, also violate several codes of conduct, warranting imposition of sanctions. The record makes clear that Plaintiff's attorneys misrepresented the record or just invented falsehoods while seeking to suggest unethical conduct by defense counsel.

The Eastern District of Pennsylvania has adopted Pennsylvania's Rules of Professional Conduct. E.D. Pa. Local R. Civ. P. 83.6, Part IV(B) ("The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania, . . ., except as otherwise provided by specific rule of this Court. . . ."); *see also Exch. 12, LLC v. Palmer Twp.*, No. 23-3740, 2024 WL 3889095, at *4 (E.D. Pa. Aug. 21, 2024) (discussing PA Rule 8.4); *In re Malofiy*, 653 F. App'x 148, 153 (3d Cir. 2016) (upholding the district court holding that an attorney's false statement of material facts constituted a violation of PA Rules 8.4(c) and (d)).

Pennsylvania Rule of Professional Conduct Rule 8.4, titled "misconduct", indicated in subsection (a) that it is professional misconduct for a lawyer to "violate or attempt to violate the

Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." PA ST RPC Rule 8.4(a). Further, Pennsylvania Rule of Professional Conduct Rule 8.4(c), "Misconduct," states that it is professional misconduct for an attorney to engage in conduct involving dishonesty or misrepresentation. PA ST RPC Rule 8.4(c) (stating that "[i]t is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation, except that a lawyer may advise, direct, or supervise others, including clients, law enforcement officers, and investigators, who participate in lawful investigative activities.").

In turn, the American College of Trial Lawyers' Code of Pretrial Conduct and Code of Trial Conduct state that the legal profession is being eroded by a wave of unforgiving conduct, including: "meanness, sharp practice, and unnecessarily aggressive behavior." Forward, *Code of Pretrial and Trial Conduct,* (Am. Coll. of Trial Lawyers 2009).  These rules also provide that, at a minimum, counsel should treat opposing counsel with basic respect.  In regard to comportment before the Court "(j) A lawyer must never knowingly misquote or mischaracterize the contents of documentary evidence, the testimony of a witness, the statements or argument of opposing counsel, or the language of a judicial decision." *Id*. at 5. The Eastern District of Pennsylvania has relied on the guidance of the American College of Trial Lawyers' Code of Pretrial Conduct and Code of Trial Conduct. *Helfer v. Marriott Int'l, Inc.*, No. 06-726, 2007 WL 433477, at *7 (E.D. Pa. Feb. 8, 2007) (Padova, J.) ("We refer counsel to the *Code of Pretrial Conduct* published by the American College of Trial Lawyers. *Code of Pretrial Conduct,* (Am. Coll. of Trial Lawyers 2002). The Code recognizes that a lawyer's role is to zealously advance the legitimate interests of his or her clients, while maintaining appropriate standards of civility and decorum. *Id.* ¶ 4(a)."); *see also* Eastern District of Pennsylvania, Gerald A. McHugh, District Court Judge, "Instructions" (linking to the 2009 version of the Code of Conduct).

In the August 14 example, Mr. Brustin had a document for months, the face of which clearly showed it was not written by the witness.  And his colleague Ms. Freudenberger misrepresented the authorship of the document to the Court.  Instead of knowing their case, Mr. Brustin chose to engage in a baseless attack on the integrity of a government attorney.  On August 20, Mr. Brustin went even further by accusing defense lawyers of coaching false testimony.

Not only have they falsely accused Mr. Cerone of improper conduct, but also Mr. Brustin suggested that Mr. Cerone's lodging of proper objections was racist.  Ex. A, Aug. 13, 2025 Tr. at 91:21-93:4.  Eventually these continued baseless accusations of racism culminated in a lengthy on the record exchange on August 22.  Aug. 22, 2025 Tr., 145:14-154:18, attached hereto as Ex. E.  Mr. Pomager simply tried to memorialize an off-record exchange between him and Ms. Green and express his preference that any potentially problematic interactions with Plaintiff's counsel occur on the record (particularly in light of counsel's previous accusations of misconduct and racism).  In response Ms. Freudenberger launched into yet another attack, despite not having witnessed the exchange, that Mr. Pomager was invoking racial stereotypes of an angry black woman and that the defenses being raised in the case were racist.  And despite her claim that "none of us had any idea who Andrew Pomager was two days ago," Ms. Freudenberger made the bold and baseless accusation to the Court that "I do believe my partner is treated differently.  I don't think this would have been raised if I had approached defense counsel."  Ex. E, Aug. 22, 2025 Tr. at 147:1-2; 153:1-3.  As the Court is aware, this is not the first time in this litigation that Plaintiff's counsel has engaged in this type of offensive character assassination.  It must not be tolerated.

This behavior violates the professional codes of conduct cited above, and further warrants imposition of sanctions.

C. *The Sanction of Formal Admonition is Within the Inherent Power of the Court to Enforce Minimum Professional Standards*

"[U]ncivil, abrasive, abusive, hostile or obstructive conduct by lawyers impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently." *Huggins v. Coatesville Area School Dist.*, No. 07-4917, 2009 WL 2973044, at *1 (E.D. Pa. Sept. 16, 2009). In the context of counsel's conduct during discovery, the "decision to impose sanctions for the conduct of counsel" is "generally entrusted to the Court's sound discretion." *Id.* at *2. When lawyers "trample on civility, or when their supposed devotion to their clients leads to stridency or worse, they undercut the belief in the law and in the legal profession." *Id.* at *1. Indeed, "[t]reating an adversary with advertent discourtesy, let alone with calumny or derision, rends the fabric of the law." *Id.* at *3.

The court in *Huggins* applied these precepts to find that counsel that engaged in heated arguments and name-calling during a deposition had in fact committed sanctionable conduct. While one attorney was found to have behaved more poorly than the other, the court found that both bore some blame for the conduct giving rise to the motion for sanctions. The court ordered one attorney to attend a CLE course on civility and both attorneys to lunch together. *Id.* at *3-4. The conduct of Plaintiffs' counsel is far worse than what the court addressed in *Huggins*. Rather than attorneys behaving poorly in a deposition, counsel who is the subject of this motion falsely accused a government lawyer of misconduct and racism.

*Huggins* illustrates the inherent power of the court to enforce minimum professional standards. To the extent the Court is disinclined to revoke the *pro hac vice* status of the

offending attorney, at the very least he ought to be admonished and directed to cease engaging in this hostile and abusive conduct in the future.

## III.    Conclusion

For any or all of the above-explicated reasons, the Court should impose sanctions on Plaintiff's counsel.  To the extent those sanctions are not revocation of Mr. Brustin's *pro hac vice* status, sanctions should at the very least include an admonition that such conduct will not be tolerated, and a warning that continuing to engage in abusive conduct may warrant imposition of further sanctions.

Respectfully submitted,

*/s/ Danielle E. Walsh*
Danielle E. Walsh
Chief Deputy City Solicitor
PA Attorney ID No. 312438
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 686-0464 (phone)
Danielle.walsh@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERMAINE HICKS,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **No. 22-977** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant, City of Philadelphia's, Motion for Sanctions and this Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date:  August 28, 2025

Respectfully submitted,

*/s/ Danielle E. Walsh*
Danielle E. Walsh
Chief Deputy City Solicitor