**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TERMAINE HICKS,

      Plaintiff,

    v.

CITY OF PHILADELPHIA, et. al.,

      Defendants.

Civil Action No. 2:22-cv-00977 (JFM)

**ORDER**

AND NOW, this _____ day of _____, 2025, upon consideration of Defendants' Motion to Compel, and Plaintiff's response thereto, it is **HEREBY ORDERED** that the Motion is **DENIED.**

                       **BY THE COURT:**

                       **JOHN F. MURPHY, J.**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| TERMAINE HICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PHILADELPHIA, et. al.,<br><br>　　　　　Defendants. | Civil Action No. 2:22-cv-00977 (JFM) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

As both the Supreme Court and the Third Circuit have repeatedly instructed, "determination of fees should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (cleaned up); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 406 (3d Cir. 2013); *Jama v. Esmor Corr. Servs., Inc.*, 577 F.3d 169, 179 (3d Cir. 2009).

The Third Circuit has laid out a process for litigating fee petitions. First, "the fee petitioner must submit evidence supporting the hours worked and rates claimed." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (cleaned up). "If it wishes to challenge the fee award, the opposing party must then object with sufficient specificity to the request." *Id.* The burden then shifts back to the fee petitioner to "demonstrate to the satisfaction of the court that its fee request is reasonable." *Id.* It is in the context of these identified disputes, fleshed out through the back and forth of the briefing on the fee petition, that the Court "must conduct a thorough and searching analysis" of the reasonableness of the request. *Id.* at 711.

Plaintiff's counsel fulfilled the first step of the process; we filed a robust fee application, supported by 19 declarations and hundreds of pages of supporting documents. As Defendants point out, this petition is remarkably similar in many respects (including level of supporting detail) to the petition Plaintiff's counsel submitted in *Rosario v. City of New York*—where, over the defendants' objection, nearly the entirety of plaintiff's counsel's requested fees and expenses were awarded, at exactly the requested rates. No. 18 CIV. 4023 (LGS), 2023 WL 2523624 (S.D.N.Y. Mar. 15, 2023).

Instead of following the process outlined by the Third Circuit and preparing to file any objections to Plaintiff's fee request on the allotted schedule, Defendants came to Plaintiff with an exceptionally broad request for discovery, sending an email request for:

- Your original, underlying time records in native format,
- All receipts for expenses or any other records justifying your claimed expenses,
- All invoices of experts, consultants, and vendors,
- All engagement agreement(s) / Scopes of Work between for any Experts/Consultants/Vendors (including any early matter assessments and/or budgets prepared over the course of the Litigation), and
- The engagement agreement between counsel and Termaine Hicks.

In addition, we would like to depose the following attorneys who submitted declarations in support of your motion: Andrew G. Celli, Jr., Carl H. Loewenson, Jr., Marc J. Sonnenfeld, Alan J. Tauber, and Jonathan H. Feinberg. We would appreciate your assistance in arranging these depositions.

DI 467-1 at 2. Defendants did not provide any authority in support of this request, or (contrary to their representation in this motion) identify any alleged deficiencies in Plaintiff's petition or particular areas they believed needed further exploration. Nor did they do so during the "meet and confer," which lasted less than five minutes.

As we responded in the email and during the meet and confer, we have never seen discovery related to the fee petition permitted in any similar § 1983 suit. Furthermore,

Defendants' requests clearly seek to balloon litigation of the fee petition into a "second major litigation," which is directly contrary to the direction from the Supreme Court. *See Fox*, 563 U.S. at 838.

Defendants now claim they need searching discovery to evaluate and respond to Plaintiff's fee request. But again, Defendants do not point to—and Plaintiff's counsel is not aware of—a single similar § 1983 case where *any* fee petition discovery was permitted, let alone to the extent Defendants request here. In other words, litigants uniformly can and do respond to fee petitions based on the information provided in the petition, without launching an entire and extensive discovery period.

Plaintiff anticipates that, were Defendants' requested discovery permitted, it would greatly prolong the entire process. It would take time to produce any of the requested records (especially given the holidays, the need to compile records that are not kept collated, and to then review for privilege before they may be produced). Presumably Defendants would then say they need additional time to consider this evidence, pushing back their response deadline (for which they already have over 2 months). Given the course of discovery during this litigation, counsel anticipates there would likely be further discovery disputes. Notably, although Defendants have narrowed their request somewhat for the purposes of this motion, they do not claim this is all the discovery they would ever request. For example, while Defendants are not asking now for depositions of five declarants (including co-counsel) as they had in their initial email, their other requests and arguments strongly suggest they would seek such depositions at a later stage. In short, setting down this path would needlessly multiply the litigation for both the parties and the Court.

What's more, Defendants' own motion demonstrates that such discovery is unnecessary, as the information provided in Plaintiff's petition is amply detailed to permit Defendants to provide any objections in their brief—in other words, to follow the standard course for responding to fee petitions. In their motion to compel, Defendants point to certain specific hours and costs to which they object. That is exactly what they are required to do in their response. *See Interfaith Cmty. Org.*, 426 F.3d at 703 n.5.[1] Given that Plaintiff ultimately bears the burden of demonstrating the reasonableness of his requests, their purported concern about insufficient supporting documentation is particularly disingenuous. If Defendants were correct (they are not), that would inure to Defendants' benefit and Plaintiff's detriment.[2]

Despite Plaintiff's counsel's best efforts to carefully review over 7,000 entries for more than 15,000 hours by over 20 separate billers, of course it is possible we have missed errors in individual entries. It is also possible that we have in good faith sought reimbursement for hours or expenses which, if presented with authority or specific argument suggesting those are not properly compensable, we would concede should be withdrawn. If Defendants were actually seeking in good faith to narrow any disputes about the fee petition, they would have raised specific questions about such hours or expenses to us for clarification or consideration. Their

---

[1] For efficiency, Plaintiff will respond to these and any other specific objections Defendants raise in due course in our response to their forthcoming objection to Plaintiff's fee request, rather than piecemeal here.

[2] For example, despite Defendants' mistaken assertion that "appropriate documentation" to support cost requests must be receipts, in reality, what Plaintiff included here—records from Plaintiff's counsel's bookkeeping software supported by a sworn declaration attesting that such figures were actually expended in the course of the litigation—amply meets his burden. *See, e.g., Buck v. Stankovic*, No. 07 Civ.0717, 2008 WL 4072656, at *20 (M.D. Pa. Aug. 27, 2008) (describing how declaration itemizing incurred costs, without receipts, is sufficient documentation to support award of costs); *Abel v. Town Sports Int'l, LLC*, No. 09 Civ. 10388 DF, 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012) (holding declaration under penalty of perjury that specific costs were incurred was adequate documentation to support award of costs).

course of conduct thus far suggests that is not their aim. They are still welcome to do so if their goal is truly to narrow the disputes before the Court.

However, if as appears likely, they intend to object broadly across the board to Plaintiff's requests in any event, Plaintiff submits most of these disputes will ultimately have to be decided by the Court. And that is most likely to be the case for what may be the most consequential decisions: on whether Plaintiff's counsel are entitled to New York rates, and, if not, on the reasonableness of the Philadelphia rates requested. Thus, the most efficient course is to have Defendants file their objection as scheduled, have Plaintiff reply,[3] and have the Court decide. Defendants have not come close to justifying their exceptional and unprecedented request for discovery on the fee petition. Their motion to compel should be denied.

Dated: December 2, 2025

Respectfully submitted,

*/s/ Anna Benvenutti Hoffmann*
Emma Freudenberger*
Amelia Green*
Nick Brustin*
Anna Benvenutti Hoffmann*
Katrina C. Rogachevsky
Mary Katherine McCarthy*
Grace Paras*
Katherine Cion*
Neufeld Scheck Brustin Hoffmann &
    Freudenberger, LLP
200 Varick Street, Suite 800
New York, NY 10014
(212) 965-9081
*Attorneys admitted to the Eastern
    District of Pennsylvania pro hac vice

---

[3] Whether or not Defendants raise any particular questions or objections with Plaintiff in advance of their filing, if they do identify any specific hours or costs that Plaintiff agrees are unreasonable, Plaintiff will withdraw those requests, thereby narrowing the issues to be decided by the Court in any event.

Jonathan H. Feinberg
Susan M. Lin
Grace Harris
Kairys, Rudovsky, Messing, Feinberg & Lin
   LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400

*Counsel for Plaintiff Termaine Hicks*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record and serve a copy of the same filing via electronic mail on all parties.

/s/ Joanne Park
Joanne Park
Paralegal