**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERMAINE HICKS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  22-977** |
| | : | |
| **CITY OF PHILADELPHIA,** *et. al.* | : | |

## ORDER RESOLVING POST-TRIAL MOTIONS AND EXTENDING TIME TO APPEAL UNDER RULE 58(e)

**AND NOW**, this 23rd day of February 2026, upon considering defendants' motion for sanctions for grossly improper litigation conduct (DI 414), plaintiff's opposition (DI 431), defendants' reply (DI 434), defendants' motion for judgment as a matter of law and for a new trial (DI 451), plaintiff's opposition (DI 461), defendants' reply (DI 462), plaintiff's motion for a new trial on damages (DI 449), defendants' opposition (DI 456), plaintiff's reply (DI 460), and for the reasons in the accompanying memorandum, it is **ORDERED**:

1.      Defendants' motion for sanctions for grossly improper litigation conduct (DI 414) is **DENIED**.

2.      Defendants' motion for judgment as a matter of law and for a new trial (DI 451) is **DENIED**.

3.      Plaintiff's motion for a new trial on damages (DI 449) is **DENIED**.

4.      In this matter, plaintiff filed a timely motion for fees and costs pursuant Fed. R. Civ. P. 54(d)(2).  DI 466.  The motion seeks an award of about $8.5 million, which is substantially more than the verdict itself, and a substantial basis of the controversy as things stand.  We appointed Hon. Mitchell Goldberg as a special master to address the motion.  DI 491.  For that reason, we delay entry of judgment under Fed. R. Civ. P. 58(e) until the motion for fees and costs is resolved (which would include both Judge Goldberg's report and

recommendation and the resolution of any objections thereto).[1]

_____
MURPHY, J.

---

[1] Ordinarily, this order resolving post-trial motions would be deemed final even if claims for attorneys' fees and costs have not been resolved by the court. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). But Rule 58(e) "provides that if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect as a timely motion under Rule 59 for purposes of Federal Rule of Appellate Procedure 4(a)(4). This delays the running of the time to file an appeal until the entry of the order disposing of the fee motion. Rule 4(a)(4)(A)(iii)." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs and Emps.*, 571 U.S. 177, 187 (2014).